United States District Court
Southern District of Texas

**ENTERED**

July 09, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIO PENA-ECHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05202 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

## MEMORANDUM & ORDER

Before the Court is Petitioner Julio Pena-Echavez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Petitioner Julio Pena-Echavez is a citizen of Colombia who entered the United States without inspection on May 19, 2023. ECF No. 1 at ¶ 20. Upon entry, he was detained by border patrol agents and taken into Department of Homeland Security (DHS) custody. *Id*. On May 23, 2023, DHS released Petitioner on an Order of Release on Recognizance (ORR) pursuant to section 236 of the Immigration and Nationality Act (8 U.S.C. 1226(a)). ECF No. 5, Ex. 2 (ORR). DHS also served Petitioner with a Notice to Appear in removal proceedings before an immigration judge (IJ). ECF No. 5, Ex. 1 (NTA). Petitioner was charged with being an alien present in the United States who has not been admitted or paroled. *Id*. Petitioner's removal proceedings are ongoing. ECF No. 1, Ex. 4.

1 / 5

In the more than three years since his release on recognizance, Petitioner has complied with all conditions of his release. ECF No. 1 at ¶¶ 20-23. He is married to a U.S. citizen and has no criminal record. *Id*. He has also obtained work authorization and works lawfully to support his family. *Id*. Nonetheless, on May 4, 2026, DHS re-detained Petitioner on June 18, 2026. ECF No. 1, Ex. 2. Petitioner remains in detention at the Montgomery County Processing Center. *Id*.

## II.    ANALYSIS

Petitioner argues that his re-detention violates his Fifth Amendment right to due process of law. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Because he has been detained for fewer than 90 days, the Government argues that his detention without a bond hearing is lawful under *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026).

For the following reasons, the Court agrees with Petitioner that the arbitrary revocation of his previous release on bond violates his Fifth Amendment right to procedural due process.

The Court has previously addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) or similar release order without proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.

In *Sosnava Rodriguez*, the Fifth Circuit held that the Government may not constitutionally detain noncitizens under § 1225(b)(2) for more than 90 days without providing an opportunity for an individualized bond hearing. 2026 WL 1906557, at *16. But that case dealt with noncitizens who had never before been arrested or detained by ICE and had never been previously released by DHS. Petitioner's circumstances are materially different: the Government previously detained Petitioner upon his entry to the United States, but determined that he should be released on recognizance because he did not pose a danger to the community or risk of flight. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) ("Release [during removal proceedings] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.") The Government then revoked Petitioner's release arbitrarily—without any change in Petitioner's individual circumstances and without providing Petitioner with any notice or opportunity to contest the revocation his of release.

This arbitrary revocation of Petitioner's liberty violates his right to due process of law. "The government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the. . . conditions of release." *Betancourth*, 822 F. Supp. 3d at 767 (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "To revoke that promise arbitrarily—without process and with no allegation of changed circumstances or violation by Petitioner—is fundamentally unfair."[1] *Id*. (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)).

---

[1] The Court has previously rejected the argument that the Government may avoid the due process clause merely because the applicable regulations permit the arbitrary revocation of bond. *See*

3 / 5

*Sosnava Rodriguez*, which dealt with the constitutional limits of detention under § 1225(b)(2) in the first instance, is therefore not applicable to noncitizens like Petitioner, who were previously released from DHS custody on their own recognizance. The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of release **no less than three hours** prior.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 13, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

---

*Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation).

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 9, 2026.

_____
Keith P. Ellison
United States District Judge